# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0001V

| | |
|---|---|
| SHERI ESTERS,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: December 13, 2023 |

*Jimmy A. Zgheib, Zgheib Sayad, P.C., White Plains, NY,* for Petitioner.

*Julia Marter Collison, U.S. Department of Justice, Washington, DC,* for Respondent.

## **DECISION AWARDING DAMAGES**[1]

On January 4, 2021, Sheri Esters filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine administered on September 19, 2019. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 28, 2023, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On December 11, 2023, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded (a) a lump sum payment of $37,903.04 (comprised of $37,500.00 for pain and suffering and $403.04 for past unreimbursable expenses); and (b) a lump sum payment of $255.06, representing

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

compensation for satisfaction of the State of Idaho Medicaid lien. Proffer at 2-3. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* at 2. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner:**

**A.  a lump sum payment of $37,903.04 (comprised of $37,500.00 for pain and suffering and $403.04 for past unreimbursable expenses) in the form of a check payable to Petitioner; and**

**B. A lump sum of $255.06, representing compensation for satisfaction of the State of Idaho Medicaid lien, in the form of a check payable jointly to petitioner and**

**HMS Idaho Recovery Unit**
**Case Number: 115902**
**P.O. Box 84551**
**Seattle, WA 98124-5851**

Petitioner agrees to endorse the check to the HMS Idaho Recovery Unit for satisfaction of the Medicaid lien.

These amounts represent compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| SHERI ESTERS,<br><br>            Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>            Respondent. | No. 21-0001V (ECF)<br>Chief Special Master Corcoran<br>SPU |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On January 16, 2023, petitioner filed a Motion for a Ruling on the Record ("Motion") arguing that she has established entitlement to compensation for a shoulder injury related to vaccine administration. ECF No. 32. Respondent filed his Response to Petitioner's Motion on February 27, 2023, recommending that entitlement to compensation be denied. ECF No. 33. On September 28, 2023, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.[1] ECF No. 36.

**I.    Items of Compensation**

    A.  Pain and Suffering

Respondent proffers that petitioner should be awarded **$37,500.00** in pain and suffering damages. *See* 42 U.S.C. § 300aa-15(a). Petitioner agrees.

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Chief Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's September 28, 2023, entitlement decision.

    B.  <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of **$403.04**. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

    C.  <u>Medicaid Lien</u>

Respondent proffers that petitioner should be awarded funds to satisfy the State of Idaho Medicaid lien in the amount of **$255.06**, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Idaho may have against any individual as a result of any Medicaid payments the State of Idaho has made to or on behalf of petitioner from the date of her eligibility for benefits through the date of judgment in this case as a result of her alleged vaccine-related injury suffered on or about September 19, 2019 under Title XIX of the Social Security Act.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**II.**    **<u>Form of the Award</u>**

The parties recommend that compensation provided to petitioner should be made through two lump sum payments described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[2]

    A.  A lump sum payment of **$37,903.04** in the form of a check payable to petitioner; and

    B.  A lump sum payment of **$255.06**, representing compensation for satisfaction of the State of Idaho Medicaid lien, in the form of a check payable jointly to petitioner and:

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

HMS Idaho Recovery Unit
Case Number: 115902
P.O. Box 84551
Seattle, WA 98124-5851

Petitioner agrees to endorse the check to the HMS Idaho Recovery Unit for satisfaction of the Medicaid lien.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division

/s/ Julia M. Collison
JULIA M. COLLISON
Assistant Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Ben Franklin Station
Washington, DC 20044-0146
Tel:   (202) 305-0102
Julia.collison@usdoj.gov

Dated:          December 11, 2023