# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0001V

| | |
|---|---|
| SHERI ESTERS, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: March 29, 2024 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Jimmy A. Zgheib, Zgheib Sayad, P.C., White Plains, NY,* for Petitioner.

*Julia Marter Collison, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 4, 2021, Sheri Esters filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act") alleging that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine administered on September 19, 2019. Petition at 1. On December 13, 2023, I issued a decision awarding damages to Petitioner, based on the Respondent's proffer. ECF No. 43.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $44,929.14 (representing $42,023.60 for fees and $2,905.54 for costs). Petitioner's Application for Attorneys' Fees and Costs filed Dec. 14, 2023, ECF No. 47. In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. *Id.* at 1.

Respondent reacted to the Motion on January 3, 2024, stating that he is satisfied the statutory requirements for an award of attorneys' fees and costs have been met in this case, but deferring resolution of the amount to be awarded to my discretion. ECF No.48. Petitioner did not file a reply thereafter.

Having reviewed of the billing records submitted with Petitioner's requests, I find a reduction in the amount of fees and costs to be awarded appropriate, for the reason listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs to successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours

2

that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The requested hourly rates for work performed in this matter are reasonable and consistent with what has previously been awarded for work these attorneys have performed for other petitioners. In addition, Mr. Zgheib properly bills time spent performing tasks that are typically performed by a paralegal using a lower rate.

Regarding the time billed, I deem the *total* amount of time devoted to briefing entitlement to be excessive. *See* Petitioner's Motion for a Ruling on the Record, filed Jan. 16, 2023, ECF No. 32; Petitioner's Reply to Respondent's Response to Petitioner's Motion for Ruling on the Record, filed Mar. 15, 2023, ECF No. 35. Petitioner's counsel expended approximately 15.0 hours drafting the entitlement brief and 17.5 hours drafting the reply brief, totaling 32.5[3] hours. ECF No. 47-1 at 14-17.

It is unreasonable for counsel to spend so much time briefing the issue of entitlement in this case, where the issues presented are not complex. I have identified numerous cases (which may reasonably be compared to time spent in this matter),[4] in which attorneys have accomplished this task in about half the time.[5] *See,* e.g., *Graczyk v. Sec'y of Health & Hum. Servs.*, No. 21-0376V (Feb. 9, 2024) (5.8 and 8.3 hours billed for drafting an entitlement brief and responsive entitlement brief, respectively); *Sisneros v. Sec'y of Health & Hum. Servs.*, No. 20-2070V (Feb. 8, 2024) (0.8 and 10.5 hours billed for drafting an entitlement brief and responsive entitlement brief, respectively); *Strand v. Sec'y of Health & Hum. Servs.*, No. 20-0365V (Feb. 5, 2024) (7.9 and 7.2 hours billed for drafting an entitlement brief and a responsive entitlement brief, respectively); *Griswold v. Sec'y of Health & Hum. Servs.*, No. 19-1674V (May 30, 2024) (5.0 and 2.0 hours billed for drafting an entitlement brief and responsive entitlement brief, respectively); *McCallum v. Sec'y of Health & Hum. Servs.*, No. 19-1991V (May 19, 2023) (8 hours billed for drafting

---

[3] This total is calculated as follows: 32.5 hours billed on 1/4/23, 1/5/23, 1/10/23, 1/11/23, 1/12/23, 1/16/23, 2/27/23 (two entries), 3/1/23, 3/2/23, 3/3/23, and 3/15/23, by Jimmy Zgheib, at a rate of $360.

[4] Special masters may use comparisons to attorneys performing similar tasks to determine if hours are excessive. *See Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1518-1521 (Fed. Cir. 1993).

[5] These decisions can be found on the United States Court of Federal Claims website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc (last visited Mar. 24, 2024).

3

an entitlement brief); *Weso v. Sec'y of Health & Hum. Servs.*, No. 19-0596V (May 16, 2024) (6.0 and 1.1 hours billed for drafting an entitlement brief and responsive entitlement brief, respectively).

The circumstances of this case did not warrant devoting so much time to briefing. The primary areas of dispute involved pain onset, symptom location, and the Vaccine Act's severity requirement.[6] *See* Respondent's Rule 4(c) Report, filed Oct. 3, 2022, at 9-11, ECF No 29.

Of course, having prevailed in this case, a fees award is generally appropriate. ECF No. 44. But the Act permits only an award of a *reasonable amount of* attorney's fees. Accordingly, I will reduce the sum to be awarded for entitlement briefing (**a total of 32.5 hours, or $11,700.00**) by *twenty percent*.[7] Such an across-the-board reduction (which I am empowered to adopt)[8] fairly captures the overbilling evidenced by this work, without requiring me to act as a "green eye-shaded accountant" in identifying with specificity each objectionable task relevant to this one sub-area of work performed on the case. **This results in a reduction of $2,340.00.**[9]

## ATTORNEY COSTS

Petitioner has provided supporting documentation for all claimed costs, except for $1.26 in postage. ECF No. 47-2. I will nevertheless allow reimbursement of these unsubstantiated costs. And Respondent offered no specific objection to the rates or amounts sought. Thus, I find the amount of costs sought to be reasonable.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). **I award a total of $42,589.14 (representing**

---

[6] Section 11(c)(1)(D) (six-month severity requirement); 42 C.F.R. C.F.R. § 100.3(c)(10)(ii) & (iii) (2017).

[7] Because the amount of excessive hours was not as egregious as in previous cases, I will reduce the hours billed by a lower amount than I otherwise would apply. *See,* e.g., *Callejas v. Sec'y of Health & Hum. Servs.,* No. 20-1767V, 2023 WL 9288086 (Fed. Cl. Spec. Mstr. Oct. 24, 2023).

[8] Special masters are permitted to employ percentage reductions to hours billed, provided the reduction is sufficiently explained. *See,* e.g., *Abbott v. Sec'y of Health & Hum. Servs.,* 135 Fed. Cl. 107, 111 (2017); *Raymo v. Sec'y of Health & Hum. Servs,* 129 Fed. Cl. 691, 702-704 (2016); *Sabella v. Sec'y of Health & Hum. Servs.,* 86 Fed. Cl. 201, 214 (2009).

[9] This amount is calculated as follows: 32.5 hrs. x $360 x .20 = $2,340.00.

**$39,683.60 for fees and $2,905.54 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Jimmy A. Zgheib.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[10]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[10] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.